S97Y1779, S97Y1780. IN THE MATTER OF MICHAEL THOMAS CIRCEO.
(493 SE2d 191)

PER CURIAM.

In these two disciplinary matters, the State Bar, following find-

ings of probable cause by the Investigative Panel, properly served Michael Thomas Circeo with Notices of Discipline alleging violations of Standard 44 of Bar Rule 4-102 (d). Circeo failed to file Notices of Rejection in either of these cases and is, accordingly, in default. Bar Rule 4-208.1 (b). Based on Circeo's admissions by virtue of his default and his pattern of neglect and abandonment of client matters as reflected in these cases, we order Circeo disbarred from the practice of law in this state.

In these cases, Circeo agreed to handle the clients' cases, did not perform work for the clients, did not return the clients' files or Circeo's unearned fees on request, converted the clients' monies to his own, and failed to file responses to the Notices of Investigation in each case as required by Bar Rule 4-204.3.

We agree with the State Bar that Circeo's conduct in these cases violated Standard 44 of Bar Rule 4-102 (d) (wilful abandonment or disregard of a client's legal matter). We also agree that the following aggravating factors are present in these cases, warranting increased discipline: Circeo's pattern of misconduct and multiple offenses, his dishonest motive, his refusal to acknowledge the wrongful nature of his conduct, his indifference to making restitution and his failure to comply with the rules of the disciplinary authorities. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.22 (b), (c), (d), (e), (g) and (j).

Accordingly, Circeo is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*